David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One E. Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for the Plaintiff
Kenneth Pellerin

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Kenneth Pellerin<br><br>                   Plaintiff,<br>v.<br><br>JD Enterprise and Financial Services<br><br>                   Defendants. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

4. Kenneth Pellerin, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of JD Enterprise and Financial Services, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a

**HYDE & SWIGART**
Phoenix, Arizona

debt allegedly owed by Plaintiff, as well as the erroneous reports of derogatory and negative credit information made by Defendant to national reporting agencies, and for failure of Defendant to properly investigate. This conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

10. Because Defendants do business within the State of Arizona, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Laveen, County of Maricopa, State of Arizona.

13. Defendants are located in the City of Whittier, the County of Los Angeles, and the State of California.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is informed and believes, and thereon alleges that Defendant is a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly, and in the ordinary course of business furnish information to a consumer credit reporting agency.

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

22. At all times relevant, Defendants conducted business within the State of Arizona.

23. Sometime before December 2001, Plaintiff is alleged to have incurred certain financial obligations.

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime thereafter, but before December 2001, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

27. Subsequently, but before May, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

28. On or about May, 2010 Plaintiff was in the process of purchasing a new home. At that time, Plaintiff's credit report was pulled, and an entry by Defendant was discovered that contained negative and derogatory information. This caused erroneous and negative credit information in Plaintiff's credit file. Specifically, Defendant reported a debt that had no activity for over 8 years, claiming on Plaintiff's credit report that the account was opened in April 1, 2010.

29. Plaintiff then contacted Defendant in an attempt to correct this error on his credit report.

30. During this phone call Plaintiff explained to Defendant's agent that the debt was over eight years old and should not be on Plaintiff's credit report. In

HYDE & SWIGART
Phoenix, Arizona

1  response to this, Defendant claims there was a payment made on the debt in
2  2005.

3  31. Plaintiff is informed and believes that no such payment was ever made on the account, further evidenced by the fact that Defendant could not provide any details on the payment, and further refused to provide Plaintiff with any documentation regarding the payment.

7  32. After this conversation, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

9  33. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

12 34. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

15 35. Defendants failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendants and that Defendants would provide Plaintiff with the name and address of the original creditor. This omission by Defendants violated 15 U.S.C. § 1692g.

36. During each phone call with Defendant, Plaintiff would again explain that this was being reported incorrectly, and he was disputing this debt, as well as this entry on Plaintiff's credit report.

37. Defendant's response to Plaintiff's verbal dispute was "There isn't anything you can do but pay!" Defendant went on to state, "This isn't going away, we will sue if necessary!"

38. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

40. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

41. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

42. Plaintiff then disputed the account pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian in writing that there had been no activity on the account for over eight years.

43. Between thirty (30) to forty-five (45) days thereafter, Plaintiff received notification from Experian that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681s-2(b)(1), and verified the account as reported on Plaintiff's credit reports as accurate.

44. Plaintiff believes that Defendant, upon receiving notice of his alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

45. Plaintiff further believes that Defendant failed to review all relevant information provided by Plaintiff in his dispute to Experian as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

46. Due to Defendant's failure to investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendant to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

47. Defendant's continued inaccurate and negative reporting of the account in light of its knowledge of the actual error was willful.

48. By inaccurately reporting the account after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

49. After Defendant received notice from Experian, that Plaintiff had disputed the account, Defendant again called Plaintiff in an attempt to collect the debt.

50. During this call, Defendant repeated their previous threats, including, "There isn't anything you can do but pay!" Defendant went on to state, "This isn't going away, we will sue if necessary!" Defendant added, "This entry will not be removed."

51. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

52. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

53. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

54. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

55. Plaintiff has not made a payment on this alleged debt for well over six years, and the debt is well outside any applicable statute of limitations.

56. Defendant's threats to sue were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

57. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

58. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

59. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

60. As a result of this conduct, action and inaction of Defendant, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and aguish, and humiliation and embarrassment of credit denials, sleeplessness, feelings of

HYDE & SWIGART
Phoenix, Arizona

hopelessness, pessimism, restlessness, irritability, guilt, helplessness, and fear of answering the telephone.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

63. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
## CAL. CIV. CODE §§ 1788-1788.32

64. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

65. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

66. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and

costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

67. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

68. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

69. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

HYDE & SWIGART
Phoenix, Arizona

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: June 23, 2010                                  Hyde & Swigart

                                                     By: __/s/ David J. McGlothlin___
                                                     David J. McGlothlin
                                                     Attorneys for Plaintiff